(1) the class is so numerous that joinder of all members is impracticable ("numerosity"),

(2) there are questions of law or fact common to the class ("commonality"),

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"), and

(4) the representative parties will fairly and adequately protect the interests of the class ("adequacy of representation").

Fed.R.Civ.P. 23(a). If the prerequisites are satisfied, a class action may be maintained under Rule 23(b)(3) if the district court finds that the questions of law and fact common to the members of the class predominate over any questions affecting only individual members ("predominance"), and the class action mechanism is superior to the other available methods for the fair and efficient adjudication of the controversy ("superiority"). Fed.R.Civ.P. 23(b)(3). Class certification must be denied if any of the requirements of Rule 23 are not met. *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 622, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

We see no error in the district court's conclusion that due to an inter-circuit split on the so called "ride through" option, Plaintiff's proposed class failed to satisfy the Rule 23(a) prerequisites of commonality, typicality, and adequacy, and the Rule 23(b)(3) requirements of predominance and superiority. *See In re Parker,* 139 F.3d 668, 672–73 (9th Cir.1998) (recognizing inter-circuit split). Likewise, we see no error in the district court's conclusion that varying applications of the "ride-through" option within the Ninth Circuit creates the same deficiencies for a circuit-wide class. *Compare, e.g., Henry v. Associates Home Equity,* 266 B.R. 457, 468–75 (Bankr. C.D.Cal.2001) (applying a per se rule against telephonic communication), *with, e.g., In re Kibler,* 2001 WL 388764 at *5 (Bankr.E.D.Cal.2001) (finding that "what constitutes acceptable communication between a secured creditor and a debtor taking advantage of the 'ride-through' option varies on a case-by-case basis and even from court-to-court"). Moreover, the varying standards, both inter- and intra-circuit, would make a class action very difficult to manage, thus defeating superiority. *See* Fed.R.Civ.P. 23(b)(3)(D).

Based on the information before it, the district court did not abuse its discretion in denying class certification.

AFFIRMED.

**Lu WANG, et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71230.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2003.

Decided July 3, 2003.

Before: TROTT, TALLMAN, Circuit Judges, and COLLINS,* District Judge.

MEMORANDUM **

Petitioners Lu Wang and her husband, Xuejun Guan ("Petitioners") petition for review of the Board of Immigration Ap-

peals' ("BIA") dismissal of their appeal from an Immigration Judge's ("IJ") order denying their application for asylum, withholding deportation, and denying relief under the Convention Against Torture Act. We have jurisdiction pursuant to 8 U.S.C. § 1252(b), and remand for a determination of whether to grant asylum.

This court reviews the BIA's decision that an alien did not establish eligibility for asylum under the substantial evidence standard. *Cardenas v. INS,* 294 F.3d 1062, 1065 (9th Cir.2002). The BIA's determination must be upheld if supported by reasonable, substantial, and probative evidence in the record. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Adverse credibility determinations are also reviewed under the substantial evidence standard. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). Although the standard is deferential, "[t]he BIA must have a legitimate, articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000)(alteration in original) (citation and internal quotation marks omitted). Because the BIA substantially deferred to the IJ's reasons for its negative credibility finding, we look to the IJ's decision as the basis of the BIA's decision. *Garrovillas v. INS,* 156 F.3d 1010, 1014 (9th Cir.1998).

The IJ considered three factors in his adverse credibility finding: 1) inconsistencies between Petitioner Wang's ("Wang") testimony and the documentary evidence, 2) Petitioner Guan's ("Guan") failure to offer corroborating testimony, and 3) Wang's demeanor while testifying.

A review of Wang's testimony and the documentary evidence present in the rec-

---

* Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

ord indicates no inconsistency. Wang testified that she requested her first abortion from a hospital in her native country, China, because of extreme pressure from her work supervisor to obtain the abortion. Wang's medical records state only that Wang demanded an abortion; this is not inconsistent with Wang's testimony.

Moreover, the IJ's brief observations regarding Wang's physical demeanor do not support an adverse credibility determination. Wang testified through an interpreter. The transcript of her testimony evidences confusion in the translation of the IJ's questions to Wang and Wang's responses. Consequently, the IJ's observations of Wang's physical demeanor are not substantial evidence of Wang's credibility.

In light of Wang's consistent testimony, translation difficulties, and the IJ's improper consideration of Petitioners' failure to have a child in the United States, Guan's failure to testify is insignificant.

Accordingly, we conclude that the IJ's credibility determination is not supported by substantial evidence. Based on our holding, Petitioners must be deemed refugees under the Immigration and Nationality Act. 8 U.S.C. § 1101(a)(42). Petitioners are therefore eligible for asylum and an exercise of discretion by the Attorney General. 8 U.S.C. § 1158(b)(1); *He v. Ashcroft*, 328 F.3d 593, 604 (9th Cir.2003). We remand for further proceedings to determine whether Petitioners are eligible for withholding of removal. *He,* 328 F.3d at 604.

PETITION GRANTED, REMANDED.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.